**Samuel R. PIERCE, Jr., Secretary of the Department of Housing and Urban Development, Plaintiff,**

v.

**John D. MOORE, et al., Defendants.**

**Civ. A. No. A–86–CA–593.**

United States District Court, W.D. Texas, Austin Division.

Feb. 10, 1987.

Taras A. Bazyluk, Dept. of Justice, Washington, D.C., for plaintiff.

Earl L. Yeakel, III, Giles & Yeakel, Austin, Tex., for defendants.

## ORDER

WALTER S. SMITH, Jr., District Judge.

On this day came on to be considered Plaintiff's motion to strike Defendants' demand for jury trial in the above-styled and numbered cause. The Court, having considered Plaintiff's motion to strike, and the supporting and controverting memoranda, is of the opinion that Plaintiff's motion is meritorious and should be granted and that this case should be tried before the Court.

This suit was brought under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, *et seq.* Defendants, in their original answer, demand a trial by jury. The Seventh Amendment to the United States Constitution provides that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." The United States Supreme Court has construed the phrase "suits at common law" to refer to "cases tried prior to the adoption of the Seventh Amendment in courts of law in which jury trial was customary as distinguished from courts of equity or admiralty in which jury trial was not." *Atlas Roof-*

*ing Company v. Occupational Safety & Health Review Commission,* 430 U.S. 442, 449, 97 S.Ct. 1261, 1266, 51 L.Ed.2d 464 (1977). The Court in *Atlas Roofing* also distinguished between public and private rights for jury trials. The Court held that the Seventh Amendment did not require jury trials "in cases in which 'public rights' are being litigated—*e.g.,* cases in which the government sues in its sovereign capacity to enforce public rights created by statutes within the power of Congress to enact...." *Id.* at 450, 97 S.Ct. at 1266. The Court finds this is the case here. The Government is suing to enforce the public right to be informed regarding large developments of land sold in interstate commerce.

Additionally, the Plaintiff seeks injunctive relief and restitution of illegally obtained money. The relief requested is equitable relief. Equitable issues should be tried without a jury. *Atlas Roofing,* 430 U.S. at 458–459, 97 S.Ct. at 1270–1271. Thus, this case will be tried before the Court. Accordingly,

IT IS, THEREFORE, ORDERED that the Plaintiff's motion to strike Defendants' demand for jury trial be GRANTED.